UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS BOLLING,

                Plaintiff,

- against -

CITY OF NEW YORK et al.,

                Defendants.

**ORDER**

18 Civ. 5406 (PGG) (RWL)

PAUL G. GARDEPHE, U.S.D.J.:

        This is a Section 1983 action in which pro se Plaintiff Thomas Bolling alleges that Defendants City of New York (the "City") and New York City Police ("NYPD") Officer Meyers violated his rights in connection with a 2015 arrest. (See Cmplt. (Dkt. No. 2)) Defendants have moved for judgment on the pleadings. (Dkt. No. 23) This Court referred the motion to Magistrate Judge Robert W. Lehrburger for a Report and Recommendation ("R&R"). (Dkt. No. 31) For the reasons stated below, the R&R will be adopted in its entirety, and Defendants' motion will be granted as to the City but denied as to Officer Meyers.

**BACKGROUND**

**I.    FACTS**

        On June 3, 2015, Plaintiff called for an ambulance for his mother, who needed immediate medical attention.[1] (Cmplt. (Dkt. No. 2) ¶ 10; Dec. 18, 2019 Tr. (Dkt. No. 35) at 4)[2] NYPD officers arrived at Plaintiff's residence – 40 West 135th Street in Manhattan – and

---

[1] Although the Complaint states that the underlying incident occurred on June 15, 2015 (Cmplt. (Dkt. No. 2) ¶ 10), the parties agree that the true date is June 3, 2015. (Dec. 18, 2019 Tr. (Dkt. No. 35) at 4)
[2] All references to page numbers in this Order are as reflected in this District's Electronic Case Filing system.

"demanded" that Plaintiff accompany his mother in the ambulance, which Plaintiff refused to do. (Id. ¶ 11)  NYPD officers later returned to the vicinity of 135th Street and Lenox Avenue, handcuffed Plaintiff, and put him in a patrol car.  (Id. ¶¶ 12-13)  Plaintiff was brought to Mt. Sinai Hospital and put in a cell.  Plaintiff suffered "great pain" due to tight handcuffs.  (Id. ¶ 14)  The NYPD officers then left the hospital.  Medical staff later evaluated Plaintiff, determined that he had no injuries, and released him.  (Id. ¶ 15)

Plaintiff hired attorney Andrew Bersin to represent him in an action against the City.  Bersin advertises his services on Saturdays at a stand located at the corner of 160th Street and Lenox Avenue in Manhattan.  (Dec. 18, 2019 Tr. (Dkt. No. 35) at 5)  While Plaintiff's retainer agreement with Bersin is dated March 30, 2016, Plaintiff maintains that he signed the agreement in 2018.  (Id. at 7-8)  According to Plaintiff, he followed up with Bersin weekly about when the lawyer was going to file a lawsuit, but Bersin "got irritated" and "offended" by Plaintiff's queries.  (Id. at 11)  In a May 25, 2018 letter, Bersin told Plaintiff that he would no longer represent him.  (Id. at 11-12)  Bersin's letter refers to the date of the incident as June 15, 2015, and informs Plaintiff that any lawsuit must be filed by June 14, 2018.  (Id. at 13)  The incident date referenced in Bersin's letter is consistent with the retainer agreement, which references an incident date of June 15, 2015.  (Id. at 8)

Plaintiff assumed that the incident date set forth in Bersin's May 25, 2018 letter was accurate, because Plaintiff had provided Bersin with his hospital records, which reflected the accurate date.  (Id. at 10)  Consistent with the deadline set forth in Bersin's letter, Plaintiff filed the instant action on June 14, 2018.  (Id. at 16)

2

## II.     PROCEDURAL HISTORY

As noted above, the Complaint was filed on June 14, 2018.  (Dkt. No. 2)  On October 2, 2018, this Court issued a Valentin order directing the City to identify the relevant NYPD officers.  (Dkt. No. 5)  In a February 14, 2019 letter, defense counsel advised that he had not been able to locate evidence of a June 15, 2015 incident.  (Dkt. No. 19)  Pro se Plaintiff thereafter obtained hospital records indicating that the date of the incident was June 3, 2015, and not June 15, 2015.  Plaintiff so informed defense counsel on April 2, 2019.  (Apr. 23, 2019 Tr. (Dkt. No. 27) at 3)

On May 23, 2019, Defendants moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  (Dkt. No. 23)  This Court referred the motion to Magistrate Judge Robert W. Lehrburger for a Report and Recommendation ("R&R").  (Dkt. No. 31)  On December 18, 2019, Judge Lehrburger conducted an evidentiary hearing "regarding the circumstances of Plaintiff filing his Complaint on June 14, 2018, eleven days after the statute of limitations for such claims had expired."  (Nov. 22, 2019 Order (Dkt. No. 32); see also Dec. 18, 2019 Tr. (Dkt. No. 35))

On February 3, 2020, Judge Lehrburger issued a thorough, twenty-page R&R, which recommends that this Court grant Defendants' motion as to the City of New York, but deny Defendants' motion as to Officer Meyers.  (R&R (Dkt. No. 33) at 20)  The R&R recites the requirement that the parties must file objections within fourteen days of service, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that a "[f]ailure to file timely objections will preclude appellate review."  (R&R (Dkt. No. 33) at 20; see also 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy [of a magistrate judge's report and recommendation], any party may serve and file written objections to such

3

proposed findings and recommendations"); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."))

Neither side has filed objections to the R&R.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534, 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note). Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

## DISCUSSION

Despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Lehrburger's R&R. Because neither side filed objections to Judge Lehrburger's R&R, the parties have waived judicial review. The Court

has nonetheless reviewed the R&R and finds it to be thorough, well-reasoned, and free of any clear error.

As to Defendants' argument that Plaintiff's claims are time-barred, Judge Lehrburger correctly states the standard for equitable tolling, which "calls for courts to 'consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period []he seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.'" (R&R (Dkt. No. 33) at 9 (quoting Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74, 80-81 (2d Cir. 2003))) Applying this standard, Judge Lehrburger found that Plaintiff "demonstrates that extraordinary circumstances caused his late filing and that his conduct, when evaluated in its totality, qualifies as reasonably diligent." (Id. at 11)

In concluding that the circumstances here are "extraordinary," Judge Lehrburger notes that "Bersin not only was negligent, but he affirmatively provided incorrect information on which Bolling relied to proceed pro se. Bersin thus did not make an 'ordinary mistake' of law." (Id. at 12 (citing Dillon v. Conway, 642 F.3d 358, 364 (2d Cir. 2011))) As a result of the misinformation supplied by Bersin, Plaintiff "had only a matter of days to file his complaint pro se, and was told the filing date was materially later than it actually was." (Id. at 13) Since "Bersin's letter did not explain the source of the deadline or the importance of it," Plaintiff "was armed with unclear and incomplete advice." (Id. at 13) Moreover, "Bersin was the cause for the confusion surrounding the incident date," and so "caused [Plaintiff's] late filing." (Id. at 15)

As to "reasonable diligence," Judge Lehrburger found that Plaintiff "retained Bersin as his attorney approximately three months before the expiration of the statute of limitations"; "repeatedly followed up with Bersin to inquire about the status of the case"; and

"filed his case by the date that Bersin expressly indicated in the termination letter." (Id. at 15) Judge Lehrburger correctly concludes that, based on these circumstances, Plaintiff "was reasonably diligent." (Id. at 17)

The Court concludes that Judge Lehrburger was correct in finding that the requirements for application of equitable tolling are met here. Accordingly, to the extent that Defendants' motion for judgment on the pleadings is premised on statute of limitations, the motion will be denied.

As to Defendants' argument that the Monell claim against the City is inadequately pled, Judge Lehrburger correctly notes that "'[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which can be attributed to a municipal policymaker.'" (R&R (Dkt. No. 33) at 18 (quoting City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985))) Judge Lehrburger found that Plaintiff "fails to provide any particularized allegations of any policies or widespread practices or customs that purportedly encouraged Defendant Meyers to arrest Bolling and subject him to a medical examination," but rather "makes general, conclusory allegations" about the City's policies. (Id. at 18) Based on this finding, Judge Lehrburger correctly concludes that Plaintiff's Monell allegations are "conclusory and vague, and unsupported by specific facts," and accordingly should be dismissed. (Id. at 19)

As to leave to amend, Judge Lehrburger notes that "'[a] pro se litigant should be afforded at least one opportunity to amend his complaint if a liberal reading of the complaint gives any indication that a valid claim might be stated.'" (Id. (quoting West v. City of New York, No. 13 Civ. 5155 (PAE), 2014 WL 4290813, *8 (S.D.N.Y. Aug. 28, 2014))) Finding that

6

he could not "rule out any possibility that [Plaintiff] could, in a revised pleading, raise additional allegations curing this defect," Judge Lehrburger recommends that Plaintiff be given leave to amend his Monell claim. This Court agrees. Accordingly, Plaintiff is granted leave to amend.

Any motion for leave to file an Amended Complaint must be filed by **April 6, 2020**. The proposed Amended Complaint is to be attached as an exhibit to the motion.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety, and Defendants' motion for judgment on the pleadings is granted as to Defendant City of New York, and denied as to Defendant Meyers. The Clerk of Court is instructed to send a copy of this Order by certified mail to pro se Plaintiff Thomas Bolling, 40 West 135th Street, Apt. 2A, New York, NY 10037.

Dated: New York, New York
      March 6, 2020

SO ORDERED.

_Paul G. Gardephe_
Paul G. Gardephe
United States District Judge