UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS BOLLING,

                              Plaintiff,

            - against -

THE CITY OF NEW YORK, THE NEW
YORK CITY POLICE DEPARTMENT,
EMS, DETECTIVE SHANNON MEYERS,
and POLICE OFFICER PETER CRANE,

                              Defendants.

**ORDER**

18 Civ. 5406 (PGG) (RWL)

PAUL G. GARDEPHE, U.S.D.J.:

          Pro se Plaintiff Thomas Bolling alleges that the City of New York (the "City"),

the New York City Police Department (the "NYPD"), two NYPD officers, and "EMS" violated

his Fourth Amendment rights in connection with a 2015 arrest.[1]  (See Am. Cmplt. (Dkt. No. 46))

          On August 14, 2020, the City and the NYPD (collectively, "Defendants") moved

for summary judgment.  (Dkt. No. 50)  This Court referred the motion to Magistrate Judge

Robert W. Lehrburger for a Report and Recommendation ("R&R").  (Dkt. No. 55)  On

November 19, 2020, Judge Lehrburger issued an R&R recommending that Defendants' summary

judgment motion be granted.  (Dkt. No. 59)  For the reasons stated below, the R&R will be

adopted in its entirety.

---

[1]  The two named officers and EMS – which this Court construes as "Emergency Medical
Services" – have not been served and have not appeared in this action.

# BACKGROUND

I. **FACTS**

    A.    **The June 3, 2015 Incident[2]**

        On June 3, 2015, Plaintiff called an ambulance for his mother.  (Am. Cmplt. (Dkt. No 46) at 5)[3]  "EMS" services arrived and "refuse[d] to take [Plaintiff's mother] due to claims that her detention would be violating her right to autonomy."  (Id.)  "EMS contacted the police," and Plaintiff "was asked by NYPD officers to ride in the ambulance with [his] mother in exchange for their concession to take her to the hospital."  (Id.)  When Plaintiff stated that he "would prefer to meet [his] mother at the hospital," EMS "refused to take [his] mother," unless he rode "in the ambulance with them."  (Id.)

        At this point, "[Officer] Meyers . . . asked to speak with [Plaintiff], . . . [and] informed [him] that based on a third-party account, he had arrived specifically to detain [Plaintiff] on the premise of racial profiling," and had not arrived for the purpose of "provid[ing] [Plaintiff's] mother [with] assistance."  (Id.)  At this point, "[w]ithout being charged, [Plaintiff] was placed in handcuffs . . . and ushered into the back of an ambulance."  (Id. at 6)

        Plaintiff claims that he "did not resist arrest," was not read his "Miranda rights," and was taken to "Mount Sinai [Hospital] to be placed in a cell."  (Id.)  Plaintiff's mother was "left . . . curbside to fend for herself."  (Id.)

---

[2]  Plaintiff did not file a response to Defendants' Local Rule 56.1 Statement.  The facts concerning Plaintiff's claim are drawn from the Amended Complaint.  See Wali v. One Source Co., 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009)  ("Pro se litigants are . . . not excused from meeting the requirements of Local Rule 56.1, although, where a pro se plaintiff fails to submit a proper Rule 56.1 statement in opposition to a summary judgment motion, the Court retains some discretion to consider the substance of the plaintiff's arguments, where actually supported by evidentiary submissions").

[3]  All references to page numbers in this Order are as reflected in this District's Electronic Case Files system.

According to Plaintiff, an officer told hospital staff that he was "'dangerous' and would not uncuff" him.  (Id.)  Plaintiff was evaluated, was deemed "mentally fit," and "was released after being unlawfully detained for several hours."  (Id.)

Plaintiff claims that Defendants violated his Fourth Amendment rights.  (Id. at 2, 6)

**B.     <u>The General Release</u>[4]**

In moving for summary judgment, Defendants contend that "plaintiff's claims are barred in their entirety by the terms of a General Release previously agreed to by plaintiff in <u>Bolling v. City of New York, et al.</u>, Index No. 154743/2013, filed in New York County Supreme Court [hereinafter, "<u>Bolling I</u>"]."  (Def. Mot. (Dkt. No. 50) at 1; <u>see also</u> Def. Br. (Dkt. No. 53) at 2)

On May 22, 2013, Plaintiff – who was represented by counsel – commenced a civil rights action (<u>Bolling I</u>) against the City and various members of the NYPD based on an October 6, 2011 incident.  (Def. R. 56.1 Stat. (Dkt. No. 52) ¶¶ 8-13)  On April 15, 2016, the parties executed a "Stipulation of Settlement," and Plaintiff signed a general release.  (Id. ¶¶ 14-17, 21)  In exchange for $30,000, Plaintiff agreed to

> release and forever discharge the City of New York, and all past and present officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York, and all other individually named defendants and entities represented and/or indemnified by the City of New York, collectively the "RELEASEES", from any and all claims, causes of action, suits, debts, sums of money, accounts, controversies, transactions, occurrences, agreements, promises, damages, judgments, executions, and demands whatsoever, known or unknown, which [Plaintiff] had, now has or hereafter can, shall, or may have, either directly or through subrogees or other third persons, against the

---

[4]  The facts concerning the General Release are drawn from Defendants' Local Rule 56.1 Statement (Dkt. No. 52).  Because Plaintiff filed no response to Defendant's Local Rule 56.1 Statement, the factual assertions set forth in Defendants' submission are deemed admitted.  <u>See</u> Local Rule 56.1(c).

RELEASEES for, upon or by reason of any matter, cause or thing whatsoever that occurred through the date of this RELEASE . . .

(Khairy Decl., Ex. C (Dkt. No. 51-3) at 2)  The general release contains only one exception, which pertains to a July 27, 2015 incident.[5]  (Id.)

Above the signature line on the general release – on which Plaintiff placed his signature – is printed the following language:  "**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**"  (Id. at 3 (emphasis in original))

## II.   PROCEDURAL HISTORY

The Complaint was filed on June 14, 2018.  (Dkt. No. 2)  On May 23, 2019, Defendants moved for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), arguing that Plaintiff's claims are time-barred and that Plaintiff's Monell claim is insufficiently pled.  (May 23, 2019 Def. Br. (Dkt. No. 26) at 4); see also May 23, 2019 Def. Mot. (Dkt. No. 23))  This Court referred the motion to Judge Lehrburger for an R&R.  (Dkt. No. 31).  In a February 3, 2020 R&R, Judge Lehrburger recommended that the motion be granted as to Plaintiff's Monell claim, but otherwise denied.  (Feb. 3, 2020 R&R (Dkt. No. 33) at 1, 11, 18-20)  The R&R also recommended that Plaintiff be given leave to amend.  (Id. at 19-20)  On March 6, 2020, this Court adopted the February 3, 2020 R&R in its entirety, and provided that any motion for leave to amend was to be filed by April 6, 2020.  (Mar. 6, 2020 Order (Dkt. No. 37) at 7)

The Amended Complaint was filed on June 23, 2020.  (Dkt. No. 46)  On August 14, 2020, Defendants moved for summary judgment.  (Dkt. No. 50)  On August 17, 2020, this Court referred Defendants' motion to Judge Lehrburger for an R&R.  (Dkt. No. 55)

---

[5]  Excluded from the general release are "[a]ny [and] all claims against the NYPD, the City of New York [and] any individual defendant police officers arising from an incident that occurred on 7/27/2015."  (Khairy Decl., Ex. C (Dkt. No. 51-3) at 2)

In a September 25, 2020 order, Judge Lehrburger noted that the September 14, 2020 deadline for Plaintiff's opposition had passed with no submission from Plaintiff.  (Dkt. No. 56 at 1)  Judge Lehrburger <u>sua</u> <u>sponte</u> extended Plaintiff's time to respond to Defendants' summary judgment motion to October 13, 2020.  (<u>Id.</u>)  Judge Lehrburger's order further provides that if Plaintiff does not file an opposition by October 13, 2020, the motion will be deemed fully submitted.  (<u>Id.</u>)

Plaintiff submitted no opposition to Defendants' summary judgment motion, and on November 19, 2020, Judge Lehrburger filed an R&R recommending that Defendants' summary judgment motion be granted.  (Dkt. No. 59)

## III.   THE NOVEMBER 19, 2020 REPORT AND RECOMMENDATION

In his November 19, 2020 R&R, Judge Lehrburger recommends that Defendants' motion for summary judgment be granted.  (R&R (Dkt. No. 59) at 1)  Judge Lehrburger notes that Plaintiff – while represented by counsel – entered into a settlement agreement with the City that includes a general release that clearly and unambiguously bars Plaintiff's claims in the instant action.  (<u>Id.</u> at 7-10 (citing cases))  The R&R also states that any objections to the R&R must be filed within fourteen days.  (<u>Id.</u> at 10)

## IV.   PLAINTIFF'S OBJECTIONS TO THE R&R

On December 2, 2020, Plaintiff filed a letter entitled:  "Objection to 'Report and Recommendation to Honorable Paul [G.] [Gardephe's] Summary Judgment."  (Pltf. Obj. (Dkt. No. 60))  The letter reads as follows:

Dear Judge Lehrburger,

This is the second attempt to discredit my claim.  It is difficult to respond to these challenges with no assistance.  I have no attorney and have received no help from the court's legal program.  Not only is the mailing system proving to be a hindrance to my case, but this is further compounded by the time sensitive nature

of this process and the pandemic. Given all these obstacles, failure is virtually inevitable. My attorney never discussed anything about a general release despite the fact that he specializes in civil rights. I never signed anything in front of a notary nor would I. I have never seen any general release form. I was simply told by Jacob to come to his office to sign for my check. At no point did my attorney ever discuss a stipulation of any kind with me concerning my settlement. The only question he asked was whether I have any other claims. I said yes. I never supplied any dates, however, I told him about the incident in question, and he said he would be willing to represent me. Upon signing for my check, he informed his superior, and his superior said that they could not represent me. Now I know why. I would like to be provided answers to the following questions: Who was the notary? When did I meet with them? What kind of attorney would direct a client to sign a document that would further violate their constitutional rights? Because of these contentious developments, I am requesting a hearing and review with the honorable judge. In conclusion, I reject the matter in question.

Sincerely,
Thomas G. Bolling

(Id. at 2)

## DISCUSSION

## I.     LEGAL STANDARDS

### A.     Review of Report and Recommendation

A district court's review of a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

However, "[o]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review." Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (citation, quotation marks, and alteration marks omitted). "[T]o the

extent . . . that the [objecting] party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (citation and quotation marks omitted).

Although "[t]he objections of parties appearing pro se are generally accorded leniency and should be construed to raise the strongest arguments that they suggest . . .[,] even a pro se party's objections to a[n] [R&R] must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. at 340 (citations and quotation marks omitted).

### B.   **Summary Judgment Standard**

Summary judgment is warranted where the moving party "shows that there is no genuine dispute as to any material fact" and that that party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor."  Beyer v. Cnty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (citation omitted). "'[W]here the non[-]moving party will bear the burden of proof at trial, Rule 56 permits the moving party to point to an absence of evidence to support an essential element of the non[-]moving party's claim.'"  Lesavoy v. Lane, No. 02 Civ. 10162, 2008 WL 2704393, at *7 (S.D.N.Y. July 10, 2008) (quoting Bay v. Times Mirror Mags., Inc., 936 F.2d 112, 116 (2d Cir. 1991)).

In deciding a summary judgment motion, the Court "resolve[s] all ambiguities, and credit[s] all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment."  Spinelli v. City of New York, 579 F.3d 160, 166 (2d Cir. 2009)

(citation and quotation marks omitted).  However, a "party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment. . . . [M]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist."  Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citation and quotation marks omitted) (alteration in original).  "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment."  Eviner v. Eng, No. 13-CV-6940 (ERK), 2015 WL 4600541, at *6 (E.D.N.Y. July 29, 2015) (quoting Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996)).

A moving party can demonstrate the absence of a genuine issue of material fact "in either of two ways:  (1) by submitting evidence that negates an essential element of the non-moving party's claim, or (2) by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim."  Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107, 114 (2d Cir. 2017) (citation and quotation marks omitted).

Pro se submissions are "construed liberally and interpreted to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citation, quotation marks, and emphasis omitted).  A pro se litigant, however, must still "meet the requirements necessary to defeat a motion for summary judgment."  Jorgensen v. Epic/Sony Recs., 351 F.3d 46, 50 (2d Cir. 2003) (citation and quotation marks omitted).

## II.   ANALYSIS

In his R&R, Judge Lehrburger concludes that "[t]he analysis of this case is straightforward.  As part of an earlier settlement, [Plaintiff] agreed to a broad release of claims

8

against the City, its employees, and its agents that bars his current claims."  (R&R (Dkt. No. 59) at 7)

In his objection, Plaintiff contends that he never signed the release.  (See Pltf. Obj. (Dkt. No. 60) at 2)  Accordingly, this Court will review the R&R de novo.  Phillips, 955 F. Supp. 2d at 211; see also 28 U.S.C. § 636(b)(1)(C).

"[S]ettlement agreements are contracts and must therefore be construed according to general principles of contract law."  Collins v. Harrison-Bode, 305 F. 3d 429, 433 (2d Cir. 2002) (citation and quotation marks omitted).  "Where the language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed."  Wang v. Paterson, No. 07 Civ. 2032 (LTS) (AJP), 2008 WL 5272736, at *4 (S.D.N.Y. Dec. 18, 2008)); see also Shklovskiy v. Khan, 273 A.D.2d 371, 372 (2d Dept. 2000) (same).  Moreover, "'[w]ords of [a] general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies.'"  A.A. Truck Renting Corp. v. Navistar, Inc., 81 A.D.3d 674, 675 (2d Dept. 2011) (quoting Lucio v. Curran, 2 N.Y.2d 157, 161-62 (1956)).

Here, the general release clearly bars any claim by Plaintiff against Defendants that was extant as of April 15, 2016, when Plaintiff allegedly signed the release.  (See Khairy Decl., Ex. C (Dkt. No. 51-3))  As discussed above, the only exception to the general release is for claims arising from a July 27, 2015 incident.  (Id. at 2)  Because the instant action is predicated on Plaintiff's June 3, 2015 interaction with NYPD and EMS personnel (see Am. Cmplt. (Dkt. No. 46)), claims predicated on that incident are barred by the general release.  (See Khairy Decl., Ex. C (Dkt. No. 51-3))

Although Plaintiff now claims in his objection that he never discussed a release with his attorney, never signed a release, and never appeared in front of a notary (see Pltf. Obj. (Dkt. No. 60) at 2), the release contains what appears to be his signature.  (See Khairy Decl., Ex. C (Dkt. No. 51-3) at 3)  Moreover, the signature is notarized.  (Id.)  The notary affirms that, "[o]n April 15, 2016, before me personally came Thomas Bolling, to me known, and known to me to be the individual described in, and who executed the foregoing GENERAL RELEASE, and duly acknowledged to me that (s)he executed the same."  (Id. (emphasis in original))

Where, as here, a contract is clear on its face, it is generally not appropriate for a court to consider extrinsic evidence.  See Terwilliger v. Terwilliger, 206 F.3d 240, 245 (2d Cir. 2000) ("[M]atters extrinsic to the agreement may not be considered when the intent of the parties can fairly be gleaned from the face of the instrument."); see also HOP Energy, LLC v. Local Pension Fund, 678 F. 3d 158, 162 (2d Cir. 2012) ("With unambiguous contracts, a party's subjective intent and understanding of the terms is irrelevant.").  And where a party claims that his lawyer did not adequately explain a release to him, such circumstances generally do not permit that party to void the general release.  Whittington v. Woods, No. 13 CV 8535-LTS-RLE, 2016 WL 844830, at *2 (S.D.N.Y. Mar. 1, 2016) ("[Plaintiff's] claim that the General Release was not sufficiently explained to him by his prior counsel is not a valid basis to rescind or void that contract . . . absent actual evidence of fraud or another defense to enforcement. . . . [Plaintiff] offers arguments relating solely to the conduct of his own defense counsel, not any conduct on Defendants' part; his assertion therefore raises at most a claim of legal malpractice, not a basis for avoidance of the General Release." (citation omitted)).

In any event, district courts "will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance."  Brown

v. Martuscello, No. 16-CV-6084 (CS)(PED), 2019 WL 3491461, at *2 (S.D.N.Y. Aug. 1, 2019), appeal dismissed, No. 19-2498, 2020 WL 4731161 (2d Cir. Apr. 2, 2020) (citation and quotation marks omitted); see also Hous. Works, Inc. v. Turner, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005) ("The Court has discretion whether to consider evidence not submitted to the magistrate judge.  Nevertheless, litigants cannot be permitted to use litigation before a magistrate judge as something akin to a spring training exhibition game, holding back evidence for use once the regular season begins before the district judge. . . . Absent a most compelling reason, the submission of new evidence in conjunction with objections to the [R&R] should not be permitted." (footnote citations omitted)).

Here, Plaintiff filed no opposition to Defendants' summary judgment motion, despite having been afforded an ample opportunity to do so.  (See Dkt. No. 56)  He has offered no explanation for his failure to contest Defendants' summary judgment motion before the magistrate judge.  As a result of his failure to contest Defendants' motion, all of the factual assertions set forth in Defendants' Local Rule 56.1 Statement – including those relating to Plaintiff's execution of the general release – are deemed admitted.  (See Def. Rule 56.1 Stmt. (Dkt. No. 52); Khairy Decl. (Dkt. No. 51) (attaching exhibits, including the general release)); see also, e.g., KLS Diversified Master Fund, L.P. v. McDevitt, No. 19-CV-3774 (LJL), 2020 WL 7360658, at *14 (S.D.N.Y. Dec. 15, 2020) ("Pursuant to Local Civil Rule 56.1, the movant's statements are deemed to be admitted where [the non-moving party] has failed to specifically controvert them with citations to the record." (citation and quotation marks omitted)); see also Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." (citing Local Rule 56.1(c))))

While Plaintiff now claims that his lawyer misled him, that his signature was forged, and that the notary committed fraud (see Pltf. Obj. (Dkt. No. 60), he made none of these assertions before the magistrate judge.  He will not be heard to make these allegations now.

The Court concludes that the general release bars Plaintiff's claims in the instant case.  Accordingly, Defendants are entitled to summary judgment.

## CONCLUSION

For the reasons stated above, Plaintiff's objection is overruled, the R&R is adopted in its entirety, and Defendants' motion for summary judgment is granted.  The Clerk of Court is instructed to terminate the motions (Dkt. Nos. 50, 58) and to close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

A copy of this order will be mailed by Chambers to pro se Plaintiff.

Dated: New York, New York
       March 14, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge